This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LAWRENCE JARAMILLO,**

 Worker-Appellee,

v.                                                              **NO. 34,528**

**STATE OF NEW MEXICO DEPARMENT**
**OF CORRECTIONS, and RISK MANAGEMENT**
**DIVISION,**

 Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, District Judge**

Donald D. Vigil
Albuquerque, NM

for Appellee

Paul L. Civerolo L.L.P.
Paul L. Civerolo
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Employer appeals from the compensation order entered by the workers' compensation judge (WCJ). We issued a calendar notice proposing to affirm.

Employer has filed a memorandum in opposition. Worker has filed a memorandum in support. We affirm.

{2}     Employer contends that the WCJ erred in concluding that Worker was entitled to modifier benefits because he did not voluntarily remove himself from the workforce when he was terminated from the Corrections Department based on allegations of sexual harassment. [DS 14] We conclude that the WCJ's ruling was correct based on *Hawkins v. McDonald's*, 2014-NMCA-048, 323 P.3d 932.

{3}     In *Hawkins*, this Court held that termination of post-injury employment, whether or not for misconduct, does not render the worker ineligible for modified permanent partial disability benefits: "[W]e do not agree . . . that the level of employee misconduct plays any role in the calculation of benefits[.]" *Id.* ¶ 23. While benefits may still be denied if a worker, "through voluntary conduct unconnected with his injury, takes himself out of the labor market[,]" *see id.* ¶ 24 (internal quotation marks and citation omitted), a worker's misconduct at work and subsequent termination no longer constitutes voluntarily removing one's self from the labor market after *Hawkins*. As such, contrary to Employer's contention, it was not improper for the WCJ to avoid a consideration of the merits of the sexual harassment claim, while at the same time determining that Worker had not voluntarily removed himself from the labor market. Employer's attempt to distinguish *Hawkins* based on minor factual

2

differences is unpersuasive in light of the straightforward legal holding that misconduct is irrelevant to the modifier analysis. *See id.* ¶ 21.

{4}     In addition, like the worker in *Hawkins*, *see id.* ¶ 25, the WCJ found that Worker's employment history was in a specific job category, and his injury prevented him from meeting the requirements necessary to qualify for work in this field. [RP 365, ¶¶ 20-23] As such, the WCJ determined that Worker did not voluntarily remove himself from the workforce. [RP 365, ¶ 21] We construe the WCJ's findings to rely on evidence in the record [RP 256] that Worker had, in fact, made numerous attempts to find employment, but was unsuccessful. *See Toynbee v. Mimbres Mem'l Nursing Home*, 1992-NMCA-057, ¶ 16, 114 N.M. 23, 833 P.2d 1204 ("On appeal, a reviewing court liberally construes findings of fact adopted by the fact[-]finder in support of a judgment, and such findings are sufficient if a fair consideration of all of them taken together supports the judgment entered below.").

{5}     As observed in *Hawkins*, modified benefits may be denied if "worker either (1) accepts employment at or above his pre-injury wage, or (2) unreasonably refuses offered employment at or above his pre-injury wage." *Id.* ¶ 24. Because the first ground was not at issue, and because the evidence as a whole supports a rejection of the second ground, we conclude that the WCJ did not err in awarding modifier

benefits. *See Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177 (noting whole record review in workers' compensation cases).

**{6}**     For the reasons set forth above, we affirm.

**{7}**     **IT IS SO ORDERED.**

 

_____

               **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**